On December 20, 2002, the defendant, Ricardo Argomas, pleaded guilty to two charges of possession of a Class B substance with intent to distribute, alleged in two separate criminal complaints. The Commonwealth simultaneously dismissed a charge of trafficking in cocaine, a charge of possession of a Class D substance, and two school zone charges associated with the charges to which the defendant pleaded guilty.[2] Fourteen years later, the defendant filed a motion for new trial, seeking to revoke his guilty pleas on the ground that his attorney at the time did not advise him that he risked deportation by pleading guilty. See Padilla v. Kentucky, 559 U.S. 356 (2010). The motion judge, who was not the plea judge, denied the motion, as well as a subsequent motion for reconsideration. We affirm.
Discussion. To be entitled to relief, the defendant had the burden to show that plea counsel failed to give him adequate advice with respect to the immigration consequences of his plea, and that he was prejudiced by counsel's constitutionally deficient advice. See Commonwealth v. Sylvain, 466 Mass. 422, 437-438 (2013) ; Commonwealth v. Henry, 88 Mass. App. Ct. 446, 451-452 (2015). In the context of a Padilla claim, the defendant has three avenues for demonstrating prejudice: he can show (1) that he had a viable defense to the charges, (2) a reasonable probability of negotiating a plea bargain that would not have exposed him to immigration consequences, or (3) "the presence of 'special circumstances' that support the conclusion that he placed, or would have placed, particular emphasis on immigration consequences in deciding whether to plead guilty." Henry, 88 Mass. App. Ct. at 455, quoting from Commonwealth v. Clarke, 460 Mass. 30, 47-48 (2011). In his motion, as on appeal, the defendant pressed only a special circumstances argument.[3]
The judge denied the motion, finding that the defendant made "no showing that plea counsel's performance was ineffective" and that the defendant had "failed to convince the court that special circumstances apply in this matter." We review a judge's action on a motion to withdraw a guilty plea to determine whether the judge committed an abuse of discretion or made a significant error or law. See Commonwealth v. DeJesus, 468 Mass. 174, 178 (2014). The defendant bears the burden of proof, "and a judge is entitled to discredit affidavits he or she does not find credible." Commonwealth v. Marinho, 464 Mass. 115, 123 (2013).
Attempting to show that he was not advised of the immigration consequences of his plea, the defendant offered the affidavit of plea counsel, who professed "no recollection of discussing immigration consequences with the defendant" fourteen years earlier. In his own affidavit, the defendant asserted that his attorney did not advise him that his guilty plea "would automatically make [him] deportable" and bar him from citizenship. The judge discredited the defendant's affidavit -- not for the generic reason that it was self-serving, but rather based on a specific statement and further criminal activity that the judge found to undermine the defendant's credibility.[4] We discern no error or abuse of discretion in the judge's conclusion that the defendant failed to prove that he received deficient legal advice.
Nor do we discern any error or abuse of discretion in the judge's determination that the defendant failed to demonstrate special circumstances. In this regard, the defendant had the burden to show that when he pleaded guilty in 2002, "he placed, or would have placed, particular emphasis on immigration consequences." Clark, 460 Mass. at 47-48. The affidavit he provided, however, focused on his situation in December, 2016, when he was almost thirty-eight years old and had lived in the United States for seventeen years: his immediate family members all resided in the United States, and his father, two sisters, brother, fiancée, and three children (ages fourteen, eleven, and two) were all United States citizens. While the defendant's affidavit may have explained why he wanted to remain in the United States at the present time, it provided almost no information about his circumstances in 2002, when he was twenty-four years old, had lived in the United States only four years, had not yet met his fiancée, and none of his children had been born. The record supported the judge's determination that the defendant had failed to demonstrate "special circumstances" in his motion.
The defendant attempted to cure the defect in his original affidavit with a new affidavit, which he filed in connection with his motion for reconsideration. In the second affidavit he stated that his mother, father, sisters, brother, uncles, aunts, and cousins were all living in the United States at the time of his plea, and that his "then girlfriend was pregnant with [his] oldest child." The judge, who had good cause not to credit the defendant's first affidavit, was not obligated to accept his second one, and, in any event, the judge could fairly conclude that the second affidavit did not sufficiently demonstrate prejudice.
Order denying motion for new trial affirmed.
Order denying motion for reconsideration affirmed.

One of the complaints included civil and criminal motor vehicle violations, which were also resolved by the plea proceedings. Those charges are not relevant to this appeal.

His bare assertion that he "also had a viable defense to the charges against him," for which he provided no factual support whatsoever, does not warrant further attention.

In his affidavit, the defendant stated that he "currently ha[d] [his] own cell phone and computer repair business in Worcester, MA." The Commonwealth presented unchallenged evidence that two years earlier, the Worcester police had executed a search warrant at the very same business, where they discovered an illegal handgun, ammunition, and heroin, resulting in serious criminal charges against the defendant, which were pending at the time of the motion hearing.